IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHARLES LEMUEL ARBOGAST, JR.,** *et al.*, Plaintiffs | * * * | |
| v. | * | CIVIL NO. JKB-14-4049 |
| **A.W. CHESTERTON CO.** *et al.*, Defendants | * * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs' motion to remand to state court (ECF No. 532) and Defendant MCIC, Inc.'s motion to amend its third-party complaint against CSX Transportation, Inc. ("CSXT") (ECF No. 566). The latter motion is not opposed by CSXT (ECF No. 570) and will be granted.[1] The motion to remand will be denied.

Plaintiffs' remand motion was filed prior to the filing of third-party complaints by MCIC and Georgia-Pacific, LLC. As now amended, those complaints invoke claims of contribution under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq.* (ECF Nos. 556, 566-2.) Thus, despite the resolution of the claims upon which this case was removed—*i.e.*, claims against certain defendants who could rely upon the "federal officer defense" for federal jurisdiction, 28 U.S.C. § 1442(a)—the case still contains federal claims, and MCIC and Georgia-Pacific have chosen to assert those claims in this federal forum. Consequently, the Court's jurisdiction is not strictly "supplemental" under 28 U.S.C. § 1367(a) as it would be over purely state claims remaining in

---

[1] CSXT does not concede the correctness of MCIC's third-party claim against CSXT. Also pending, but not yet ripe, is CSXT's motion to dismiss or for summary judgment as to the third-party complaints. (ECF No. 560.) The merits of the third-party complaints are, therefore, still to be decided.

the case.  If it were so, then the Court could exercise its discretion to remand the case under § 1367(c)(3).  Since that is not the case, however, remand will be denied.[2]

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' motion to remand (ECF No. 532) IS DENIED.

2. MCIC, Inc.'s motion to amend its third-party complaint (ECF No. 566) IS GRANTED.

3. The Clerk SHALL DOCKET ECF No. 566-2 as MCIC's Amended Third-Party Complaint for Contribution.

DATED this 3rd day of January, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[2] The Court gives no credence to Plaintiffs' contention that the resolution of claims within the Court's original jurisdiction results in the loss of federal subject-matter jurisdiction.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims."); *Porsche Cars North America, Inc. v. Porsche.Net*, 302 F.3d 248, 256 (4th Cir. 2002) ("although federal courts lack subject-matter jurisdiction over a case involving only state-law claims in the absence of diversity jurisdiction, a court may retain supplemental jurisdiction over purely state-law claims after resolving a claim that initially gave it subject-matter jurisdiction over the case").