IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA ARBOGAST *et al.*, <br>    Plaintiffs <br><br> v. <br><br> GEORGIA-PACIFIC LLC *et al.*, <br>    Defendants | * <br> * <br> * <br> *          CIVIL NO. JKB-14-4049 <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### *I. Background*

Pending before the Court is CSX Transportation, Inc.'s ("CSXT") motion to dismiss or for summary judgment on or, in the alternative, motion to strike or sever the third-party complaints filed against CSXT by Defendants Georgia-Pacific LLC ("Georgia-Pacific") and MCIC, Inc. ("MCIC"). (ECF No. 560.) The motion has been briefed (ECF Nos. 567 & 574), and no hearing is needed, Local Rule 105.6 (D. Md. 2016). The motion will be treated as a motion for summary judgment and granted.

### *II. Standard for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing

the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

*III. Analysis*

Defendants' third-party complaints are claims of contribution based upon the decedent's state-court complaint against CSXT under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq.* (ECF Nos. 556, 572.) They assert that CSXT is a joint tortfeasor and therefore liable to Georgia-Pacific and MCIC if they are found liable in the instant case to Plaintiffs for the mesothelioma injury suffered by the decedent, Charles L. Arbogast, Jr. ("Arbogast"), while in CSXT's employ. They rely upon the complaint filed by Arbogast in Maryland state court against CSXT.[1] (*See* ECF No. 556-1.) CSXT asserts various grounds for its motion, but its primary argument—that its liability is limited by statute—is persuasive and dispositive of the motion, and the Court will address only it.

---

[1] According to CSXT, that case did not proceed to judgment because it was settled and dismissed. (CSXT's Mot. Supp. Mem. 6, ECF No. 560-2.) *Arbogast v. CSXT*, Civ. No. CCB-15-1439 (ECF No. 33).

A contribution claim is premised upon shared fault of joint tortfeasors. *Cooper Stevedoring Co., Inc. v. Fritz Kopke, Inc.*, 417 U.S. 106, 115 (1974) ("Contribution rests upon a finding of concurrent fault."); *Eagle-Picher Industries, Inc. v. United States*, 937 F.2d 625, 635 (D.C. Cir. 1991) ("contribution is premised on joint tortfeasance"). CSXT argues it is immune from tort liability due to its acknowledged statutory liability under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. The statutory liability to which CSXT is subject is not based upon fault. 33 U.S.C. § 904(b) ("Compensation shall be payable irrespective of fault as a cause for the injury."). Further, the LHWCA statutory liability excludes all other liability against the employer:

> The liability of an employer prescribed in section 904 of this title shall be *exclusive and in place of all other liability of such employer to* the employee, his legal representative, husband or wife, parents, dependents, next of kin, and *anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death* . . . .

33 U.S.C. § 905(a) (emphasis added). The plain wording of the statute precludes a contribution claim inasmuch as Georgia-Pacific's and MCIC's claimed entitlement to contribution is a claim "at law or in admiralty on account of such injury or death." *Eagle-Picher*, 937 F.2d at 635 ("§ 905(a) establishes that the [employer] cannot be a tortfeasor [as to its nonseaman maritime workers]; therefore there can be no contribution action by a third party against the [employer]"). *See also Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 818 (2001) ("LHWCA expressly pre-empts all other claims" against employers of nonseaman maritime workers); *Cooper Stevedoring*, 417 U.S. at 113-15 (construing prior case of *Atlantic Coast Line R. Co. v. Erie Lackawanna R. Co.*, 406 U.S. 340 (1972), and concluding contribution claim in *Erie* did not lie against employer based upon LHWCA provision limiting employer's liability to compensation under LHWCA; employer in *Erie* could not be considered joint tortfeasor); *Oman*

3

*v. Johns-Manville Corp.*, 482 F. Supp. 1060, 1072-73 (E.D. Va. 1980) (LHWCA bars noncontractual tort indemnity and contribution claims by third party against employer), *aff'd on other grounds sub nom. White v. Johns-Manville Corp.*, 662 F.2d 243 (4th Cir. 1981) (reserving judgment on district court's holding as to LHWCA's exclusivity provision in relation to third-party claims).

Georgia-Pacific and MCIC try to circumvent this statutory immunity by claiming that they are suing based, not upon any employment by CSXT of Arbogast that would fall within the statute's scope, but instead upon the part of Arbogast's employment with CSXT that was nonmaritime. The Court is unpersuaded that it is right to apportion liability between CSXT's employment of Arbogast subject to the LHWCA and CSXT's employment of Arbogast not subject to the LHWCA. On this point, the reasoning of the Maryland Court of Appeals in *Stanley v. W. Md. Ry. Co.*, 482 A.2d 881 (Md. 1984), rejecting a similar apportionment argument, is persuasive. In *Stanley*, the court declined to limit LHWCA immunity from liability to that portion of the plaintiff's employment which fell under the Act; instead, all of his employment with the same employer was covered, which barred his separate claim under the Federal Employers Liability Act ("FELA"). *Id.* at 884-86 (LHWCA is exclusive remedy; no separate action can be maintained under FELA).

The last argument of note by Georgia-Pacific and MCIC is that CSXT has not proven that it is, on the facts, entitled to LHWCA immunity. Since the Court resolves this contention by considering exhibits provided by CSXT with its motion, the matter is treated as a motion for summary judgment. CSXT has established that Arbogast's claim against it for LHWCA benefits, based upon his employment at CSXT's Curtis Bay Coal and Ore Piers, was judged by the United States Department of Labor to be within the statute's purview. (*See* CSXT's Mot.

4

Ex. I, DOL Let. to CSXT, Apr. 28, 2015, ECF No. 560-12; *see also* Ex. G, Arbogast's Claim for Compensation, ECF No. 560-10; Notice of Employee's Injury or Death, ECF No. 560-10.) To the extent these Defendants suggest this Court should look behind the Department of Labor's determination that Arbogast's employment with CSXT was within its jurisdiction under the LHWCA, the Court rejects the suggestion. If, in the Department's opinion, Arbogast's claim is within the purview of the LHWCA, then this Court will defer to its determination; the instant case is *not* an appeal of the Department's decision. Georgia-Pacific and MCIC further argue that the Curtis Bay Coal and Ore Piers sit on a large tract of land, and it is possible that Arbogast did not labor on any particular portion that adjoins navigable waters, as required for him to meet the *situs* test under the LHWCA, *see* 33 U.S.C. § 903(a). Defendants' shared doubt that Arbogast was properly considered a covered employee under the LHWCA is not sufficient to create a genuine dispute of material fact. They have provided no evidence to controvert the Department of Labor's determination that Arbogast's claim against CSXT fell within the purview of the LHWCA. Consequently, the exclusivity provision of the LHWCA precludes Defendants' contribution claims against CSXT.

*IV. Conclusion*

In conclusion, CSXT has shown that no genuine dispute of material fact exists and that it is entitled to judgment as a matter of law on the third-party complaints of Georgia-Pacific and MCIC for contribution. Having resolved all federal claims in the case, the case now returns to its prior posture—before third-party complaints were filed—of being under consideration for remand to Maryland state court of Plaintiffs' claims against Georgia-Pacific and MCIC, which are only supplemental claims under 28 U.S.C. § 1367(a). Defendants will be required to show cause why the case should not be remanded. A separate order follows.

DATED this 24th day of April, 2017.

                                                        BY THE COURT:

                                          _____/s/_____

                                          James K. Bredar
                                          United States District Judge