IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BARBARA ARBOGAST et al.,** Plaintiffs | * * * | |
| v. | * | CIVIL NO. JKB-14-4049 |
| **GEORGIA-PACIFIC LLC et al.,** Defendants | * * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' "*Daubert*" Motion to Exclude the Testimony and Opinions of Donald E. Marano. (ECF No. 598.) The motion has been briefed (ECF No. 606),[1] and no hearing is required, Local Rule 105.6 (D. Md. 2016). The motion will be denied.

Federal Rule of Evidence 702 provides,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Mr. Marano is a certified industrial hygienist who is offered by Defendant Georgia-Pacific as an expert who will testify as to his qualitative assessment of the various exposures to asbestos described by the decedent, Charles Lemuel Arbogast, Jr.; additionally, Mr. Marano will offer his quantitative assessment of Mr. Arbogast's alleged exposure to asbestos from Georgia-Pacific products. He will also testify as to the level of risk of contracting mesothelioma associated with his quantitative assessment of Mr. Arbogast's exposure.

---

[1] No reply was filed by Plaintiffs.

Plaintiffs indicate that Mr. Marano will be offered as an expert concerning both risk and causation of Mr. Arbogast's mesothelioma (Pls.' Mot. 1-2), but Georgia-Pacific counters that by saying Mr. Marano repeatedly disclaimed any expertise on causation and has confined his opinion "to explaining the risk assessments performed by various agencies and organizations and offering his risk assessment opinion based on the analysis that his profession is trained to provide" (Def.'s Opp'n 3).

Both sides have provided ample information and argument on this motion, and after carefully reviewing that, the Court concludes that the motion is properly denied for the reasons stated in Georgia-Pacific's opposition. Mr. Marano's opinion is based on sound, recognized, scientific methodology and meets all of the requirements of Rule 702, and it will be helpful to the trier of fact.

Accordingly, Plaintiffs' motion (ECF No. 598) is DENIED.

DATED this 17th day of July, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge